# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 16-1376V
## Filed: April 10, 2019
UNPUBLISHED

| | |
|---|---|
| VIRGILIO DASILVEIRA, | |
| Petitioner, | |
| v. | Special Processing Unit (SPU); Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 21, 2016, Virgilio Dasilveira ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on October 14, 2015.  Petition at 1.  On December 21, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.  ECF No. 63.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 25, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 70.  Petitioner requests attorneys' fees in the amount of $24,025.20 and attorneys' costs in the amount of $1,483.68.  *Id.* at 1-2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $25,508.88.

On March 26, 2019, respondent filed a response to petitioner's motion.  ECF No. 72.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded is appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.   Discussion

### A.  Hourly Rates

#### i.      Ronald Homer, Esq.

Petitioner requests the following hourly rates for attorney Ron Homer: $400 for work performed in 2016, $409 for work performed in 2017, and $421 for work performed in 2018.  These rates have been previously awarded to Mr. Homer and are awarded herein.  For 2019, petitioner is requesting an hourly rate of $430 for work performed by Mr. Homer.  The undersigned finds the rate increase reasonable given the undersigned's experience and analysis of the *McCulloch* factors as applied to Mr. Homer and awards the rate in full.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

#### ii.      Meredith Daniels, Esq.

With regard to attorney Meredith Daniels, petitioner requests the following hourly rates: $280 for work performed in 2016, $286 for work performed in 2017, and $294 for work performed in 2018.  These rates have been previously awarded to Ms. Daniels and are awarded herein.  For 2019, petitioner is requesting an hourly rate of $320 for work performed by Ms. Daniels.  The undersigned finds the rate increase reasonable given Ms. Daniels's continued experience in the Vaccine Program and in accordance with the analysis of the *McCulloch* factors as applied to Mr. Homer and awards the rate in full.

#### iii.      Joseph Pepper, Esq.

Petitioner is requesting the hourly rate of $331 for Joseph Pepper for work performed in 2019.  Mr. Pepper has previously been awarded the rate of $315 for work performed in 2019.  The undersigned reduces the requested rate to the previously awarded rate of $315, reducing the request for attorney's fees by **$1.60**.[3]

### B.  Travel Time

---

[3] This amount consists of $331 - $315 = $16 x 0.10 hrs = $1.60.

Attorney Meredith Daniels billed 3.90 hours on April 20, 2017, at the hourly rate of $286 as "roundtrip travel to and from client's home (billed at half rate)".  ECF No. 70 at 10. However, this entry is billed at Ms. Daniels full hourly rate for 2017.  In the Vaccine Program, special masters traditionally have compensated time spent traveling, when no other work was being performed, at one-half an attorney's hourly rate.  *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).[4]  The undersigned reduces the line entry by 50% for a reduction of the fees requested by **$557.70.**[5]

### C.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative.  In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy (need the full cite for Mostovoy here)*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).  A total of 5.10 hours was billed by paralegals on tasks considered administrative including, preparing documents for summarization, preparing and mailing documents, and making travel arrangements.  The undersigned reduces the request for attorneys' fees by **$739.70,**[6] the total amount of the tasks considered administrative.

### III.   Attorney Costs

Petitioner requests reimbursement for attorneys' costs in the amount of $1,483.66.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount of attorneys' costs sought.

---

[4] The undersigned also recognizes that special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits."  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

[5] This total was calculated by dividing the already reduced rate by half and multiplying by the hours billed (attorney rate: $286 /2=$143 x 3.90 =$557.70).

[6] This amount consists of ($135 x 2.0 hrs = $283.50) + ($138 x 0.40 hrs = $55.20) + ($142 x 1.40 hrs = $198.80) + ($145 x 1.0 = $145) + ($286 x 0.20 hrs = $57.20) = $739.70.

4

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $24,209.88[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Ronald Craig Homer.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.